UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GARRY V. GILLIAMS,<br><br>    Defendant. | Case No. 19-cr-40091-JPG-2 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Garry V. Gilliams's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 94). The Government has responded (Doc. 99). The defendant has not replied to that response, although he was given an opportunity to do so.

**I.   Compassionate Release**

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

In exhausting administrative remedies, the defendant must have asserted the same or similar issues as grounds for relief in his request to the warden as he does in his motion for a sentence reduction. *United States v. Williams*, 62 F.4th 391, 393 (7th Cir. 2023); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Otherwise, the warden is not equipped to properly consider the defendant's request. Additionally, the Court should give substantial weight to the BOP's analysis, if there is any, regarding "extraordinary and compelling reasons" in any particular case. *Gunn*, 980 F.3d 1180.

The final clause of § 3582(c)(1)(A) requires the Court to consider whether a sentence reduction would be consistent with U.S.S.G. § 1B1.13 (2024) (effective Nov. 1, 2023), the policy statement applicable to motions filed by the BOP Director or the defendant. That policy statement adds the provision that the defendant must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a)(2) (2024).[2] The policy statement further defines "extraordinary and compelling reasons" to include, alone or in combination, as relevant

---

[2] This provision is similar, but not identical, to 18 U.S.C. § 3553(a)(2)(C), which requires the Court to consider the need for the sentence "to protect the public from further crimes of the defendant."

2

for this case:

> **(1) Medical Circumstances of the Defendant.**—
> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(B)** The defendant is—
> > **(i)** suffering from a serious physical or medical condition,
> > **(ii)** suffering from a serious functional or cognitive impairment, or
> > **(iii)** experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> **(D)** The defendant presents the following circumstances—
> > **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> > **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> > **(iii)** such risk cannot be adequately mitigated in a timely manner.
>
> \* \* \*
>
> **(5) Other Reasons.**—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b) (2024).

The guideline further states that non-retroactive changes in the law may not be considered in determining whether an extraordinary and compelling reason exists, but they may be considered in determining the extent of a reduction where other extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13(c) (2024). The guideline also provides that the rehabilitation

3

of the defendant cannot, by itself, be an extraordinary and compelling reason, but it may be considered in connection with other reasons in determining whether and to what extent the Court should grant a reduction. U.S.S.G. § 1B1.13(d) (2024).

Thus, for a defendant to be eligible for a § 3582(c)(1)(A) sentence reduction, he must have exhausted his administrative remedies,[3] and the Court must find that (1) extraordinary and compelling reasons for a reduction exist, and (2) considering the applicable factors in 18 U.S.C. § 3553(a), the extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A). The movant bears the burden of making such a showing, and the Court has discretion to determine whether the defendant satisfied that burden. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. The Court must ensure that any reduction complies with U.S.S.G. § 1B1.13 (2024).

**II. Analysis**

In July 2020, Gilliams pleaded guilty to one count of conspiracy to distribute methamphetamine and four counts of distribution of methamphetamine. At sentencing in December 2020, the Court adopted the presentence investigation report's relevant conduct finding of 197.3 grams of methamphetamine ice, which under U.S.S.G. § 2D1.1[4] yielded a base offense level of 32. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he accepted responsibility for his crimes. This established a total offense level of 29. Considering his criminal history category III, the guidelines sentencing range was 108 to 135 months in prison. The Court imposed a below-guideline sentence of 90 months on each count, all to run concurrently. The BOP has given his current release date as March 9, 2026. *See* BOP,

---

[3] The exhaustion requirement is not jurisdictional and may be waived by the Government. *Gunn*, 980 F.3d at 1179.
[4] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2018 version.

Find an inmate, https://www.bop.gov/inmateloc/ (visited June 17, 2025).

Gilliams now asks the Court to reduce his sentence on the grounds that he has had an infection in both legs since early 2020 that requires specialized medical care that the BOP is not providing. This, he claims, is despite the fact that he is housed at the Medical Center for Federal Prisoners at Springfield, Missouri ("MCFP-Springfield"). He risks deteriorating health and death from this infection. He also notes he is a diabetic at care level 4. He has completed numerous classes and has always been employed in prison. The BOP has classified him as a minimum risk for recidivism.

In response, the Government argues that Gilliams has not shown he exhausted his administrative remedies. Gilliams has presented no documentation of a request to the warden or the warden's response, both of which would normally be documented. The Government further argues that Gilliams has not submitted evidence that his medical condition satisfies the criteria of U.S.S.G. § 1B1.13(b)(1) (2024), and it presents medical records showing it does not. Specifically, the BOP is treating his leg wounds and his diabetes at MCFP-Springfield, and if Gilliams is not satisfied with his care, his remedy is a civil lawsuit, not compassionate release. Finally, the Government argues that Gilliams has not shown he is not a danger to the community or that the § 3553(a) factors counsel release. It points to his lengthy criminal history, some of which involves violence, and his two disciplinary violations while in prison.

A.   Exhaustion of Administrative Remedies

The Court finds the Gilliams has adequately asserted that he exhausted his administrative remedies. Although his assertion that he asked the acting warden to file a motion for compassionate release on his behalf is woefully lacking in detail, the Government has provided no evidence whatsoever to prove its affirmative defense of failure to exhaust. In the absence of

evidence, Gilliams's assertion is sufficient to withstand the failure to exhaust affirmative defense.

      B.    <u>Extraordinary and Compelling Reason</u>

Gilliams has not established an extraordinary and compelling reason for relief because of his personal medical circumstances. It is true that his medical records show he has serious health problems, but they also show that he is housed in a federal medical center and that he is being monitored and treated by doctors there. He does not describe, and his records do not reflect, a terminal illness or an end-of-life trajectory, a condition that substantially diminishes his ability to provide self-care in prison and from which he is not expected to recover, any condition that requires special medical care that is not being provided, and any ongoing outbreak of infectious disease or public health emergency. Gilliams satisfies none of the options for his own health being considered an extraordinary and compelling reason for release.

      C.    <u>§ 3553(a) Factors</u>

In the absence of an extraordinary or compelling reason for release, the Court need not address the § 3553(a) factors and whether the defendant poses a danger to the safety of the community or any person.

### III. Conclusion

For these reasons, the Court **DENIES** Gilliams's motion for a § 3582(c)(1)(A) sentence reduction (Doc. 94).

**IT IS SO ORDERED.**
**DATED:  June 17, 2025**

                                                    s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**